HUDSON, Judge.
 

 Defendant Roger Orlando Locklear (defendant) was charged with the first-degree murder of Herbert Locklear (the victim) and felonious larceny. A jury found defendant guilty of second-degree murder and felonious larceny. The trial court sentenced defendant to 189 to 236 months imprisonment for the murder conviction and a consecutive 8 to 10 months imprisonment for the larceny conviction. Defendant appeals. We find no error.
 

 The State's evidence tended to show that in April 2000, the victim drove his Lincoln Town Car from Baltimore, Maryland to Lumberton, North Carolina to attend a family funeral. The victim checked into the Ramada Inn, where he frequently stayed when hevisited Lumberton. On 17 April 2000, defendant and his cousin, Sammy Clark (Clark), accompanied the victim in his Town Car to pick up David Deal (Deal) to go have drinks at the victim's motel room. On the way back to the motel, the men bought beer and defendant bought crack cocaine.
 

 In the motel room, Deal drank beer, the victim drank "Old Taylor" and defendant smoked the crack cocaine. Defendant subsequently told Deal that Clark had asked him to kill the victim. Deal did not think defendant was serious, but when the victim returned to his seat after making another drink, defendant grabbed the victim around the neck and threw him to the floor. Defendant then straddled the victim's chest and began punching him about the head. Clark, who had restrained Deal against the wall, said, "Get him Roger, get him." Clark then asked the victim where his car keys were. Deal observed defendant choke and punch the victim approximately seven times. When defendant stood up, the victim did not move.
 

 Defendant, Clark and Deal left the motel room after Clark retrieved the victim's car keys. Deal testified that he thought defendant hit the victim with a chair prior to leaving. Defendant told Deal to drive the victim's Town Car. He also told Deal, "If anyone tell, we will kill them too." Once out of town, defendant instructed Deal to pull over so defendant and Clark could examine the contents of the trunk. Deal sped away while the defendant and Clark stood at the trunk. When Deal learned from his mother that the victim had died, he went to the police station to give astatement and told the police where to find the victim's vehicle.
 

 The victim died as a result of strangulation and blunt force injuries to the head. The Medical Examiner testified that although a fist could produce blunt force injuries, the severity of the victim's skull fractures were "more severe than those commonly caused by a fist." After the State rested, defendant moved to dismiss the murder charge for insufficiency of the evidence. The trial court denied the motion and defendant elected to present evidence on his own behalf.
 

 Defendant testified that when the men were at the motel room, Deal asked defendant if he wanted to have sex with all of them. Defendant said no and phoned his girlfriend twice to come pick him up. The victim subsequently said, "This is my f[_]ing room; y'all are going to do what I want you to do." Defendant responded, "Yeah, I'll leave." Defendant testified that as he started to leave the room, the victim grabbed him and the two began tussling. Defendant admitted hitting the victim with his fists, but denied strangling the victim or hitting him with anything other than his fists. Defendant testified that the victim was sitting in the room alive when he left, and that soon thereafter, Clark and Deal left with the victim's car keys. Defendant did not renew his motion to dismiss at the close of all the evidence.
 

 In his sole assignment of error, defendant contends that the trial court erred in failing to dismiss the charges at the close of all the evidence based on insufficiency of the evidence. A motion to dismiss made at the close of the State's evidence is waived ifthe defendant presents evidence, and a defendant must renew his motion to dismiss at the close of all the evidence in order to challenge the sufficiency of the evidence on appeal. N.C.R. App. P. 10(b)(3). Although defendant moved to dismiss the charges against him at the close of the State's evidence, he presented evidence and failed to renew his motion at the close of all the evidence. Defendant is therefore precluded from challenging the sufficiency of the evidence presented at trial.
 
 See State v. Elliott,
 

 69 N.C. App. 89
 
 , 100,
 
 316 S.E.2d 632
 
 , 640,
 
 appeal dismissed and disc. review denied,
 

 311 N.C. 765
 
 ,
 
 321 S.E.2d 148
 
 -49 (1984).
 

 We note, however, that even if this issue had been properly preserved for appeal, the record contains sufficient evidence for the court to submit the charges to the jury.
 

 No error.
 

 Judges STEELMAN and THORNBURG concur.
 

 Report per Rule 30(e).